# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MIRENE HARRELL,** | ) | Case No. 1:11 CV 209 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ALLSTATE INS. CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court in this removed insurance coverage case is Plaintiff's Motion to Remand ("Plaintiff's Motion") (**Doc #: 6**). For the following reason, Plaintiff's Motion is **DENIED**.

**I.**

On December 21, 2010, Plaintiff Mirene Harrell filed a complaint against Defendant Allstate Insurance Co. ("Allstate") in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV10744065. (Doc #: 1-1 ("Compl.").) The complaint alleges that, on or about July 22, 2010, Harrell's apartment was broken into and she was robbed. (Compl. ¶ 6.) Harrell reported the alleged theft to the police. (Id.) She thereafter reported the theft to Allstate pursuant to her renter's insurance policy, and submitted a claim for loss to personal property in excess of $29,000. (Id.; Doc #: 7 at 2.) It is undisputed that the relevant insurance policy has a $15,000 limit on coverage. (Doc #: 6, at 2; Doc #: 7, at 2; Doc #: 8, at 1.) On November 23, 2010, Allstate denied Harrell's claim. (Compl. ¶ 12.)

Based on these allegations, Harrell filed the instant complaint against Allstate in state court, asserting claims for breach of contract, bad faith, tortious withholding of insurance coverage, and breach of the duty of good faith and fair dealing. (Id.) Harrell seeks:

> damages against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and for punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus interest, attorney fees and costs of the lawsuit and any other relief which this Court deems equitable and just.

(Id. ¶ 33.)

On January 28, 2011, Allstate removed the case to federal court stating that the court has original diversity jurisdiction over the matter because (1) it is between citizens of different states and (2) the amount in controversy exceeds $75,000 "being a civil action purporting to allege claims for breach of an insurance contract, bad faith and punitive damages for which Plaintiff seeks damages." (Doc #: 1 ¶ 5.) Shortly after reviewing the complaint, the Court held a teleconference with counsel due to the Court's concern over subject matter jurisdiction; and specifically, whether the dispute exceeded the $75,000 jurisdictional threshold. (See 2-1-11 non-document Minutes entry.) After the Court's efforts to resolve the jurisdictional issue proved fruitless,[1] Plaintiff filed the pending remand motion which is now fully briefed.

## II.

Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under the statute governing diversity jurisdiction, district courts have "original jurisdiction of all civil actions

---

[1] During these discussions, counsel for Plaintiff expressly declined to stipulate that his client's damages would not exceed $75,000.

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ..." 28 U.S.C. § 1332(a)(1).

The burden of establishing federal jurisdiction is upon the defendant as the removing party. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). It is undisputed that the standard to be applied to defendant's burden is the preponderance of the evidence standard. (Doc #: 6, at 5 (citing *Hayes*, 266 F.3d at 572); Doc #: 7, at 4 (citing *Davis v. Kindred Nursing Ctr. E., LLC*, No. 2:05 cv 1128, 2006 WL 508802, at *1 (S.D. Ohio Mar. 2, 2006)).) This means that Allstate, the removing party, must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold since that threshold is not evident from the face of the complaint. This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are $75,000 or less. *Hayes*, 266 F.3d at 572; *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993) ("Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.").

"In meeting its burden, the defendant is permitted to demonstrate, through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000 if proven." *Mencer v. Kraft Foods Global, Inc.*, 695 F.Supp.2d 667, 679 (S.D. Ohio 2010) (citing *Long v. McKesson HBOC Red Line Healthcare*, No. C2-01-1226, 2002 WL 1578840, at *2 (S.D. Ohio Apr. 26, 2002)). "Whether the jurisdictional amount has been met is considered in light of the state law and its recognition of the relief sought." *Erdman v. Robinson*, 115 Fed. Appx. 778, 780 (6th Cir. 2004) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990)). "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a

reasonable reading of the value of the rights being litigated." *Davis,* 2006 WL 508802, at *2 (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

Punitive damages must be considered unless it is apparent that such damages cannot be recovered. *Hayes*, 226 F.3d at 572 (citation omitted). Possible attorney's fees may also be considered when determining the jurisdictional amount." *Clark v. Nat'l Traveler Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). "As long as 'state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement.'" *McMahon v. Alt. Claims Serv., Inc.*, 521 F.Supp.2d 656, 660 (N.D. Ohio 2007) (citing *T & W Forge, Inc. v. V & L Tool, Inc.*, No. 05-CV-1637, 2005 WL 2739321, at *1 (N.D. Ohio Oct. 24, 2005), in turn quoting *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005)).

In considering whether remand is appropriate, statutes conferring removal jurisdiction must be strictly construed because removal jurisdiction encroaches upon a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Consequently, any ambiguity regarding the scope of the removal statute should be resolved in favor of remand. *Id.*

### III.

The instant complaint alleges claims for breach of contract and three tort claims the Court will construe collectively as a bad-faith claim. As discussed above, where state law arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional

requirement. *McMahon*, 521 F.Supp.2d at 660; *Kovacs*, 406 F.3d at 397; *T & W Forge, Inc.*, 2005 WL 2739321, at *1.

In Ohio, it is the general rule that "damages for breach of contract are limited to the pecuniary loss sustained." *Mussalow v. Bartko*, No. 3478, 1985 WL 4607, at *7 (Ohio App. 11 Dist. Dec. 20, 1985) (citations omitted). *See also Pike v. Kelley*, No. 53700, 1987 WL 19865, at *3 (Ohio App. 8 Dist. Nov. 12, 1987) ("In a contract action, the Ohio case law has established that the purpose of damages are to compensate not reward.")

Ohio recognizes, however, that a fiduciary relationship exists between an insurer and an insured and, therefore, recognizes a claim for breach of the duty of good faith in the handling and/or payment of insurance claims. *Hartman v Conseco Senior Health Ins. Co*., No. 3:08-cv-099, 2010 WL 1981014, at *8 (S.D. Ohio May 18, 2010) (citing *Maxey v State Farm and Cas. Co*., No. 1:07-cv-158, 2010 WL 518235 at *3 (S.D. Ohio Feb. 2, 2010)). A lack of good faith is the equivalent of bad faith. *Id*. (citing *Donnelly v. State Farm Fire and Cas. Co*., No. C-3-05-388, 2007 WL 2738788 at *5 (S.D. Ohio Sep. 13, 2007)). To prove a bad-faith claim, a plaintiff must show that the insurer's denial of the claim was based upon circumstances that were not reasonably justified, *Maxey*, 2010 WL 518235 at *6, or that the insurer's foot-dragging in the claims-handling and evaluation process was not reasonably justified, *Jay v. Mass. Cas. Ins. Co.*, Nos. 2006CA201, 2006CA229, 2007CA243, 2008 WL 555440 at *12 (Ohio Ct. App. Feb. 27, 2008).

A claim for breach of the duty of good faith is separate and distinct from a claim for breach of contract. *See Grange Mut. Cas. Co. v. Rosko*, 146 Ohio App.3d 698 ¶ 58 (2001); *Estate of Millihon v. UNUM Life Ins. Co. of Am*., No. 2:08-cv-652, 2009 WL 2431252 , at *3

(S.D. Ohio Aug. 5, 2009). If proven, a bad-faith claim justifies recovery of more than contractual damages arising from the insurance policy. *Id*. Ohio law permits an award of compensatory and punitive damages against insurers who act in bad faith. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 102 (2002) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 557 (1994)). However, Ohio limits a plaintiff's punitive damages to two times the amount of uncapped compensatory damages. *See, e.g., Faieta v. World Harvest Church*, 147 Ohio Misc.2d 51 ¶ 91 (2008) (citing Ohio Revised Code 2315.21(D)(2)(c)).

Attorneys fees are generally excluded in determining the amount in controversy unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Williamson v. Aetna Life Ins. Co*., 481 F.3d 369, 376 (6th Cir. 2007) ("[W]e have affirmed the general principle of considering statutorily authorized attorneys' fees for purposes of establishing jurisdiction). Ohio law specifically contemplates that attorneys fees may be awarded against a defendant who has been found liable for punitive damages. *Faieta*, 147 Ohio Misc.2d at ¶ 137 (citing O.R.C. § 2315.21(D)(2)(c)) ("Any attorney fees awarded as a result of a claim for punitive or exemplary damages shall not be considered for purposes of determining the cap on punitive damages."). Thus, the Court must consider attorneys fees in determining whether Plaintiff's state law claims satisfy the jurisdictional amount. *Williamson*, 481 F.3d at 377.

Here, Plaintiff argues that it is "rather unlikely" that her claims will exceed the $75,000 jurisdictional threshold. (Plaintiff's Motion, at 5.) She explains,

> The contractual damages are most likely limited to $15,000, the limits of Plaintiff's insurance policy. The compensatory damages for alleged bad faith are most likely minimal. Punitive damages are possibly limited by statute to two times the compensatory damages. Attorney fees are not likely to be excessive.

Thus, it is highly unlikely that Plaintiff's claims will exceed $75,000. (Plaintiff's Motion, at 3.) As indicated above, however, Plaintiff declined to stipulate that her damages would not exceed $75,000.

Defendant correctly points out that Plaintiff seeks compensatory damages in excess of $25,000 and punitive damages in excess of $25,000 for her bad-faith claim along with attorneys fees. (Doc #: 7, at 7.) Defendant argues, however that,

> [e]ven taking into consideration the $15,000 policy limit on Plaintiff's breach of contract claim, if Plaintiff were to recover just an equal amount as compensatory damages for bad faith (i.e., another $15,000) and just 1.5 times her contractual and tort damages as punitive damages, the jurisdictional limit would already be met without even considering Plaintiff's claim for attorney fees.

(Id.)

The Court assumes, for purposes of Plaintiff's Motion, that her contract damages are confined to $15,000, the limit of her insurance policy. (This is a conservative figure as Plaintiff submitted to Allstate a proof of loss in excess of $29,000, seeks compensatory damages in excess of $25,000, and argues that the contractual damages are "most likely" limited to $15,000.) The Court does not, however, take seriously Plaintiff's assertion that the compensatory damages for bad faith "are most likely minimal" since she is seeking in excess of $25,000 each in compensatory and punitive damages. The Court will thus assume that Plaintiff may recover at least the same amount in compensatory damages on her bad-faith claim as her contract claim, a relatively modest amount (i.e., $15,000). Given $15,000 in compensatory damages on the bad-faith claim, Plaintiff may recover up to $30,000 on her claim for punitive damages. O.R.C. 2351.21(D)(2)(c). This brings her possible damage subtotal to $60,000, excluding the attorneys fees she may recover along with a punitive damages award. The Court finds that it is more likely

than not that Plaintiff's lawyer fees will exceed $15,000, the balance between the damages award and the jurisdictional threshold. Thus, the court concludes that Allstate has shown, by a preponderance of the evidence, that the amount in controversy in this case will more likely than not exceed the jurisdictional threshold of $75,000.

Plaintiff cites a Nevada district court case as illustrative of her remand position, *Raschke v. Allstate Prop. & Cas. Ins. Co.*, No. 2:10-cv-2120, 2011 WL 86580 (D. Nev. Jan. 10, 2011). There, a plaintiff filed a complaint in state court alleging she was entitled to underinsured motorist ("UIM") benefits of $15,000, general damages in excess of $10,000 due to her insurer's withholding of the UIM benefits, and punitive damage in excess of $10,000 due to the insurer's bad faith. Apparently, after totaling the compensatory and general damages sought ($25,000), the defendant stated that plaintiff's punitive damages had the potential to exceed $50,000 "based upon the identity of the plaintiff's attorneys." *Raschke*, 2011 WL 86580, at *2. As evidence, the defendant cited *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F.Supp.2d 530 (D.S.C. 1999). In *Woodward*, the South Carolina district court noted, "It is the court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages, especially when large corporations are caught defrauding their customers. . .." 60 F.Supp.2d at 532. The *Raschke* court remanded the UIM case to state court, finding defendant's argument that punitive damages might exceed $50,000 was mere speculation. The Court finds *Raschke* distinguishable from this case because (1) Allstate is not speculating about punitive damages since there is a statutory cap on those damages, and (2) unlike Nevada, Ohio has a statutory provision for

attorneys fees when punitive damages are proven – which must be taken into the jurisdictional calculation.

Plaintiff also argues that the Court's consideration of attorneys fees is discretionary, and that this Court should not exercise that discretion, citing in support the *Williamson* case. However, the Sixth Circuit in *Williamson* "affirmed the general principle of considering statutorily authorized attorneys' fees for purposes of establishing [diversity] jurisdiction." 481 F.3d at 377 (citing numerous cases where district and appellate courts considered allowable attorneys fees in the calculation for the jurisdictional threshold).

### IV.

The Court, in evaluating the amount in controversy, must take into consideration the value of the state rights being litigated. Given the state-law claims asserted in the complaint, the Court must include in its calculation reasonable compensatory damages for both the contract and tort claims, along with punitive damages and attorneys fees if proven – even if it is unlikely that the plaintiff can recover that amount. Having taking these factors into consideration, the Court concludes that Allstate has shown by a preponderance of the evidence that the complaint passes the jurisdictional threshold necessary to establish diversity jurisdiction in federal court.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand (**Doc #: 6**).

**IT IS SO ORDERED.**


       */s/ Dan A. Polster     March 28, 2011*
       **Dan Aaron Polster**
       **United States District Judge**